SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED
Superior Court Of California
County Of Los Angeles

OCT 0 4 2019

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Cristina Grijalva

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO:)*

Carlos S. Rodriguez, M.D. and DOES 1 through 20, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Claudia Bechara Robinson

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* <br> 111 North Hill Street, Los Angeles, CA 90012, Stanley Mosk Courthouse | **CASE NUMBER:** *(Número del Caso):* <br> 19STCV35494 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Claudia Bechara Robinson, 5050 Sepulveda Blvd., Apt. 316, Sherman Oaks, CA 91403, Ph.: 818 409-3707

| DATE: <br> *(Fecha)* OCT 0 4 2019 | Clerk, by _____, Deputy <br> *(Secretario)* *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED: You are served**
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*
   under: [ ] CCP 416.10 (corporation)  [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [X] by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

EXH. 1

1    CLAUDIA BECHARA ROBINSON
     5050 Sepulveda Blvd., Apt. 316
2    Sherman Oaks, CA 91403
     Phone: 310 409- 3787
3

4    Plaintiff, In Pro Per

5

FILED
Superior Court Of California
County Of Los Angeles

OCT 0 4 2019

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Cristina Grijalva

6

7                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                    COUNTY OF LOS ANGELES, CENTRAL DISTRICT

9

10   CLAUDIA BECHARA ROBINSON,          )
                                        )   CASE NO.: 19STCV35404
11                      Plaintiff,      )
                                        )   COMPLAINT FOR DAMAGES
12        v.                            )
                                        )   1. Negligence - Medical Malpractice;
13   CARLOS S. RODRIGUEZ, M.D.          )
     and DOES 1 through 20, inclusive,  )   2. Negligence - Infliction of
14                                      )      Emotional Distress
                        Defendants      )
15                                      )   JURY TRIAL DEMANDED

16        Plaintiff, CLAUDIA BECHARA ROBINSON, (hereinafter "Plaintiff"), alleges as follows:

17                          JURISDICTION AND PARTIES

18        1.    At all times herein mentioned, Plaintiff, CLAUDIA BECHARA ROBINSON,

19   resided in the County of Los Angeles, State of California.

20        2.    At all times herein mentioned, Defendants, CARLOS S. RODRIGUEZ, M.D.

21   and DOES 1-20, and each of them, were physicians licensed to practice medicine  under

22   the laws of the State of California, and were engaged in the practice of medicine with

23   offices at 14901 Rinaldi Street, Suite 2; Mission Hills, County of Los Angeles, State of

24   California.

25        3.    Plaintiff is ignorant of the true names and capacities of Defendants sued

26   herein as DOES 1-20, inclusive, and therefore sues these defendants by such fictitious

27   names. Plaintiff will amend this complaint to allege their true names and capacities when

28   ascertained. Plaintiff is informed and believes, and thereon alleges that each of the

                    COMPLAINT FOR DAMAGES4                          EXH. 1 -1 -

1   fictitiously named defendants is negligently responsible in some manner for the

2   occurrences herein alleged, and that plaintiff's injuries as herein alleged were proximately

3   caused by the negligence of such defendants.

4       4.      The appropriate venue for this suit is Superior Court for The County of Los

5   Angeles, as the Plaintiff resides there, Defendants have their principle place of business

6   there and the medical malpractice alleged in this claim occurred there.

7                              **GENERAL ALLEGATIONS**

8       5.      On or about November 2, 2018, Plaintiff was treated by Defendant, Carlos

9   S. Rodriguez, M.D. at his office located at 14901 Rinaldi Street, Suite 2 in Mission Hills,

10  California.

11      6.      During the said examination and treatment assessment, Defendant, Carlos

12  S. Rodriguez, M.D., informed Plaintiff, Claudia Bechera Robinson, that she was suffering

13  from a serious and life changing condition called Hepatitis C, and that she needed

14  immediate attention of a medical provider specializing in the said condition and its

15  treatment.

16      7.      As a direct result of the said negligent mis-diagnosis and recommendation

17  for future treatment of Hepatitis C made by Defendant, Carlos S. Rodriguez, M.D.,

18  Plaintiff, Claudia Bechera Robinson, started suffering from severe emotional distress,

19  including anguish, fright, horror, nervousness, grief, anxiety, worry, shock and sleeping

20  disorders.

21      8.      Plaintiff, Claudia Bechara Robinson, followed Defendant, Carlos S.

22  Rodriguez, M.D.'s, mis-diagnosis and recommendations and underwent comprehensive

23  blood tests conducted at Olive View-UCLA Medical Center.

24      9.      The said blood tests revealed that Plaintiff, Claudia Bechara Robinson, did

25  not suffer from alleged by Defendant, Carlos S. Rodriguez, M.D., Hepatitis C and her

26  mental anguish and emotional distress were unwarranted and she suffered without

27  justifiable cause.

28      10.     The Defendant, Carlos S. Rodriguez, M.D.'s, mis-diagnosis resulted in

1  Plaintiff, Claudia Bechara Robinson's, making erroneous life changing decisions which

2  further negatively affected her life. The harm and losses endured by Plaintiff, Claudia

3  Bechara Robinson, were the direct and proximate result of the medical errors committed

4  by Defendant, Carlos S. Rodriguez, M.D.. Plaintiff, Claudia Bechara Robinson, did

5  nothing to cause her own injuries. She was not contributorily negligent and did not

6  assume the harm that was done to her.

7  **FIRST CAUSE OF ACTION**

8  **Negligence - Medical Malpractice**

9  11.     Plaintiff, Claudia Bechara Robinson, incorporates by reference the claims

10  alleged in paragraphs 1 through 10.

11  12.     As a direct and proximate result of the breach of the applicable standard

12  of medical care by Defendant, Carlos S. Rodriguez, M.D., and his mis-diagnosis of

13  Plaintiff, Claudia Bechara Robinson, Plaintiff suffered severe emotional distress and

14  made erroneous life changing decisions, negatively affecting her well being.

15  13.     Defendant, Carlos S. Rodriguez, M.D., did not do what an reasonable,

16  ordinary doctor would do by mis-diagnosing the Plaintiff. His treatment and mis-diagnosis

17  deviated from the appropriate standard of care, which constitute medical malpractice.

18  14.     Furthermore, as a direct and proximate result of the said medical

19  malpractice by Defendant, Carlos S. Rodriguez, M.D., Plaintiff suffered mentally and

20  emotionally, is continuing to suffer, and, most likely, will suffer in the future.

21  **SECOND CAUSE OF ACTION**

22  **Negligence - Infliction of Emotional Distress**

23  15.     Plaintiff, Claudia Bechara Robinson, incorporates by reference the claims

24  alleged in paragraphs 1 through 14.

25  16.     As a direct and proximate result of malpractice, mis-diagnosis and mis-

26  representation of Plaintiff's medical needs by Defendant, Carlos S. Rodriguez, M.D.,

27  Plaintiff, Claudia Bechara Robinson, suffered severe mental and emotional distress,

28  which to this day, is affecting her life.

10/07/2019

17.     Emotional distress suffered by Plaintiff, Claudia Bechara Robinson, includes, to this date, fright, anguish, horror, grief, nervousness, worry anxiety, shock and sleeping disorders.

18.     Plaintiff's suffering was and is a direct and proximate result of Defendant's negligence, medical malpractice, mis-diagnosis and mis-recommendations.

19.     Additionally, based on Defendant's mis-diagnosis and medical malpractice, Plaintiff, Claudia Bechara Robinson, made some life changing decisions, which negatively affected her well being, to be proven at trial.

20.     As Plaintiff's suffering continues to this date, it is only logical to assume that she will continue to suffer into the future.

## PRAYER FOR RELIEF

WHEREFORE: Plaintiff, Claudia Bechara Robinson, prays for judgment against Defendant, Carlos S. Rodriguez, M.D., as follows:

1.     Plaintiff prays for judgment for the First Cause of Action, (Negligence-Medical Malpractice), in the amount of $250,000.00;

2.     Plaintiff prays for judgment for the Second Cause of Action, (Negligence-Infliction of Emotional Distress), in an amount to be determined at time of trial;

3.     Plaintiff prays for judgment for punitive damages against Defendant in an amount to be determined at trial;

4.     Plaintiff prays for judgment of applicable interest;

5.     Plaintiff prays for reasonable attorney's fees and costs;

6.     Plaintiff prays for any additional relief as this Court deems reasonable and appropriate.


Respectfully submitted,

Date: 10/03/19          Signed: _____

Claudia Bechara Robinson - Plaintiff

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Claudia Bechara Robinson
5050 Sepulveda Blvd., Apt. 316
Sherman Oaks, CA 91403

TELEPHONE NO.: 818-409-3707   FAX NO.: N/A
ATTORNEY FOR *(Name)*: Plaintiff, In Pro Per

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: CENTRAL DISTRICT

FOR COURT USE ONLY

FILED
Superior Court Of California
County Of Los Angeles

OCT 04 2019

Sherri R. Carter, Executive Officer/Clerk
By Cristina Grijalva, Deputy
Cristina Grijalva

CASE NAME:
ROBINSON v. RODRIGUEZ, M.D.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 19STCV35494 |

JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[✓] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify)*: 2
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 10/03/2019

Claudia Bechara Robinson,  Plaintiff In Pro Per
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

10/07/2019

EXH. 1

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

Page 2 of 2

EXH. 1

| SHORT TITLE: ROBINSON v. RODRIGUEZ | CASE NUMBER: 19STCV35494 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

> **Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** — Auto (22) | ☐ A7100 | Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Uninsured Motorist (46) | ☐ A7110 | Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** — Asbestos (04) | ☐ A6070 | Asbestos Property Damage | 1, 11 |
| | ☐ A7221 | Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| Product Liability (24) | ☐ A7260 | Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Medical Malpractice (45) | ☑ A7210 | Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | ☐ A7240 | Other Professional Health Care Malpractice | 1, 4, 11 |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 | Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | ☐ A7230 | Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | ☐ A7270 | Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | ☐ A7220 | Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

10/07/2019

LASC CIV 109 Rev. 12/18
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

10

Local Rule 2.3
Page 1 of 4

EXH. 1

| SHORT TITLE: ROBINSON v. RODRIGUEZ | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

11

Local Rule 2.3
Page 2 of 4

EXH. 1

| SHORT TITLE: ROBINSON v. RODRIGUEZ | CASE NUMBER |
|---|---|
| | |

**Step 4:  Statement of Reason and Address:**  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☐ 1. ☒ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐  9. ☐ 10. ☐ 11. | ADDRESS:  5050 SEPULVEDA BLVD. |
|---|---|

| CITY: Sherman Oaks | STATE: CA | ZIP CODE: 91403 |
|---|---|---|

**Step 5:  Certification of Assignment:** I certify that this case is properly filed in the ___CENTRAL___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated:  10/03/2019

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

12

Local Rule 2.3
Page 4 of 4

EXH. 1

ROBINSON, CLAUDIA BECHARA

5050 SEPULVEDA BLVD., #316
SHERMAN OAKS, CA 91403
(818)409-3707

**RECEIVED**

**OCT 25 2019**

**FILING WINDOW**

L.A SUPERIOR COURT STANLEY MOSK    19100
111 N HILL ST.                    Branch: 61
LOS ANGELES, CA 90012
                    Case Number/19STCV35494
Plaintiff: ROBINSON, CLAUDIA BECHARA        PROOF OF SERVICE
Defendant: RODRIGUEZ, CARLOS S. M.D.

1. At the time of service, I was at least 18 years of age and not a party
   to this action, and SERVED COPIES OF THE:
   SUMMONS & COMPLAINT

**FILED**
Superior Court Of California
County Of Los Angeles

**OCT 25 2019**

2. A. Party Served:
      RODRIGUEZ, CARLOS S. M.D.
      C/O PRIORITY CARE MEDICAL GROUP

Sherri R. Carter, Executive Officer/Clerk of Court
By_____, Deputy
   Charlette Robinson

   B. BY DELIVERING TO:
      JANIRA DELOSSANTOS RECEPTIONIST AND AUTHORIZED
      AGENT FOR CARLOS S. RODRIGUEZ M.D. AS PER CCP 416.90

   C. Address:
      14901 RINALDI ST., #202
      MISSION HILLS, CA 91345

   D. By delivery: at business

3. I served the party named in item 2
   A. By personally delivering the copies:
                    (1) On: 10/22/19    (2) At: 10:10 AM

4. The 'Notice to the Person Served' was completed as follows:
   A. As an INDIVIDUAL defendant

**Unpaid Sheriff's costs per fee waiver GC68511.3 Court Rule 985: 40.00**

   Deputy ID: E539714
   Deputy KATHRYN L. MASCARO
   SHERIFF'S OFFICE
   900 THIRD ST., ROOM 1081
   SAN FERNANDO, CA 91340
   (818)-898-2773

   I am a California Sheriff. I certify that the foregoing is true & correct.

                              Alex Villanueva, Sheriff
Date: 10/22/19
 Br.: 61 64              By: _____
'JUD. COUN. FORM, RULE 982(A)(23).'            K. MASCARO, Deputy

13                                        EXH. 1

ROBINSON, CLAUDIA BECHARA

5050 SEPULVEDA BLVD., #316
SHERMAN OAKS, CA 91403
(818)409-3707

L.A SUPERIOR COURT STANLEY MOSK   19100
111 N HILL ST.                    Branch: 61
LOS ANGELES, CA 90012
                     Case Number/19STCV35494
Plaintiff: ROBINSON, CLAUDIA BECHARA          PROOF OF SERVICE
Defendant: RODRIGUEZ, CARLOS S. M.D.

    Declaration of Due Diligence: The following attempts were made:
        Date      Time        Address
1    10/22/19  10:10 AM  14901 RINALDI ST., #202
                         MISSION HILLS, CA 91345
COMM:


    Deputy ID: E539714
    Deputy KATHRYN L. MASCARO
    SHERIFF'S OFFICE
    900 THIRD ST., ROOM 1081
    SAN FERNANDO, CA 91340
    (818)-898-2773

    I am a California Sheriff. I certify that the foregoing is true & correct.

                              Alex Villanueva, Sheriff
    Date: 10/22/19
    Br.: 61 64                  By: _____
    'JUD. COUN. FORM, RULE 982(A)(23).'          K. MASCARO, Deputy

EXH. 1

ROBINSON, CLAUDIA BECHARA

5050 SEPULVEDA BLVD., #316
SHERMAN OAKS, CA 91403
(818)409-3707

L.A SUPERIOR COURT STANLEY MOSK    19100
111 N HILL ST.                     Branch: 61
LOS ANGELES, CA 90012
                      Case Number/19STCV35494
Plaintiff: ROBINSON, CLAUDIA BECHARA          PROOF OF SERVICE
Defendant: RODRIGUEZ, CARLOS S. M.D.


Documents:
  SUMMONS
  COMPLAINT
  ALTERNATIVE DISPUTE RESOLUTION (ADR) PACKAGE
  CIVIL CASE COVER SHEET
  CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
  NOTICE OF CASE ASSIGNMENT UNLIMITED CIVIL CASE
  STANDING ORDER RE: PERSONAL INJURY PROCEDURES, CENTRAL
  DISTRICT
  SECOND AMENDED STANDING ORDER RE: FINAL STATUS CONFERENCE,
  PERSONAL INJURY ("PI") COURTS (EFFECTIVE AUGUST 9, 2019)

FL-330

| ATTORNEY OR PARTY WITHOUT ATTORNEY OR GOVERNMENTAL AGENCY (under Family Code, §§ 17400,17406 (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

CLAUDIA BECHARA ROBINSON
5050 SEPULVEDA,, #316
SHERMAN OAKS, CA 91403

TELEPHONE NO.: 818 409-3707          FAX NO.: N/A
ATTORNEY FOR (Name): Plaintiff, In Pro Per

FILED
Superior Court Of California
County Of Los Angeles

OCT 3 1 2019

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 312 NORTH SPRING STREET
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: SPRING STREET COURTHOUSE - CENTRAL DISTRICT

PETITIONER/PLAINTIFF: Claudia Bechara Robinson

RESPONDENT/DEFENDANT: Carlos S. Rodriguez, M.D.

OTHER PARENT/PARTY:  DOES 1-20 Inclusive

CASE NUMBER:
19STCV35494

(If applicable, provide):
HEARING DATE:
HEARING TIME:
DEPT.:

## PROOF OF PERSONAL SERVICE

1. I am at least 18 years old, not a party to this action, and not a protected person listed in any of the orders.
2. Person served (name): Janira Delossantos, authorized agent
3. I served copies of the following documents (specify):
   SUMMONS AND COMPLAINT
   CIVIL CASE COVER SHEET AND ADDENDUM
   CASE ASSIGNMENT AND ADR PACKAGE

4. By personally delivering copies to the person served, as follows:
   a. Date: 10/22/2019          b. Time: 10:10 A.M.
   c. Address:
      14901 RINALDI STREET, #202
      MISSION HILLS, CA 91345

5. I am
   a. ☐ not a registered California process server.          d. ☐ exempt from registration under Business & Profession
   b. ☐ a registered California process server.                    Code section 22350(b).
   c. ☐ an employee or independent contractor of a          e. ☑ a California sheriff or marshal.
         registered California process server.

6. My name, address, and telephone number, and, if applicable, county of registration and number (specify):
   KATHRYN L. MASCARO
   SHERIFF'S OFFICE
   900 THIRD STREET, ROOM 1081
   SAN FERNANDO, CA 91340

7. ☐ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
8. ☑ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 10/30/2019

KATHRYN L. MASCARO - SHERIFF'S DPTY.
(TYPE OR PRINT NAME OF PERSON WHO SERVED THE PAPERS)

▶ *SEE ATTACHED MC-025*
(SIGNATURE OF PERSON WHO SERVED THE PAPERS)

Page 1 of 1

| Form Approved for Optional Use Judicial Council of California FL-330 [Rev. January 1, 2012] | PROOF OF PERSONAL SERVICE | Code of Civil Procedure, § 1011 www.courts.ca.gov |
|---|---|---|

EXH. 1

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| ROBINSON v. RODRIGUEZ, M.D. | 19STCV35494 |

ATTACHMENT *(Number):* _____1_____

*(This Attachment may be used with any Judicial Council form.)*

1. Proof of Service of Summons and Complaint by Sheriff's Department

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __1__ of __5__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

17

EXH. 1

ROBINSON, CLAUDIA BECHARA

5050 SEPULVEDA BLVD., #316
SHERMAN OAKS, CA 91403
(818)409-3707


L.A SUPERIOR COURT STANLEY MOSK    19100
111 N HILL ST.                     Branch: 61
LOS ANGELES, CA 90012
                    Case Number/19STCV35494
Plaintiff: ROBINSON, CLAUDIA BECHARA          PROOF OF SERVICE
Defendant: RODRIGUEZ, CARLOS S. M.D.

1. At the time of service, I was at least 18 years of age and not a party
   to this action, and SERVED COPIES OF THE:
   SUMMONS & COMPLAINT

2. A. Party Served:
        RODRIGUEZ, CARLOS S. M.D.
        C/O PRIORITY CARE MEDICAL GROUP


   B. BY DELIVERING TO:
        JANIRA DELOSSANTOS RECEPTIONIST AND AUTHORIZED
        AGENT FOR CARLOS S. RODRIGUEZ M.D. AS PER CCP 416.90


   C. Address:
        14901 RINALDI ST., #202
        MISSION HILLS, CA 91345

   D. By delivery: at business

3. I served the party named in item 2
   A. By personally delivering the copies:
                           (1) On: 10/22/19   (2) At: 10:10 AM

4. The 'Notice to the Person Served' was completed as follows:
   A. As an INDIVIDUAL defendant

Unpaid Sheriff's costs per fee waiver GC68511.3 Court Rule 985: 40.00


   Deputy ID: E539714
   Deputy KATHRYN L. MASCARO
   SHERIFF'S OFFICE
   900 THIRD ST., ROOM 1081
   SAN FERNANDO, CA 91340
   (818)-898-2773

I am a California Sheriff. I certify that the foregoing is true & correct.

                                        Alex Villanueva, Sheriff

Date: 10/30/19
Br: 61 64                  By:
'JUD. COUN. FORM, RULE 982(A)(23).'         N. SANDOVAL, Deputy

ROBINSON, CLAUDIA BECHARA

5050 SEPULVEDA BLVD., #316
SHERMAN OAKS, CA 91403
(818)409-3707


L.A SUPERIOR COURT STANLEY MOSK    19100
111 N HILL ST.                     Branch: 61
LOS ANGELES, CA 90012
                    Case Number/19STCV35494
Plaintiff: ROBINSON, CLAUDIA BECHARA          PROOF OF SERVICE
Defendant: RODRIGUEZ, CARLOS S. M.D.

    Declaration of Due Diligence: The following attempts were made:
         Date      Time        Address
1    10/22/19  10:10 AM  14901 RINALDI ST., #202
                         MISSION HILLS, CA 91345
COMM:


    Deputy ID: E539714
    Deputy KATHRYN L. MASCARO
    SHERIFF'S OFFICE
    900 THIRD ST., ROOM 1081
    SAN FERNANDO, CA 91340
    (818)-898-2773

    I am a California Sheriff. I certify that the foregoing is true & correct.

                                        Alex Villanueva, Sheriff
Date: 10/30/19
  Br.: 61 64                 By: _____
'JUD. COUN. FORM, RULE 982(A)(23).'          SANDOVAL, Deputy

19                                              EXH. 1

ROBINSON, CLAUDIA BECHARA

5050 SEPULVEDA BLVD., #316
SHERMAN OAKS, CA 91403
(818)409-3707

L.A SUPERIOR COURT STANLEY MOSK    19100
111 N HILL ST.                          Branch: 61
LOS ANGELES, CA 90012
                          Case Number/19STCV35494
Plaintiff: ROBINSON, CLAUDIA BECHARA           PROOF OF SERVICE
Defendant: RODRIGUEZ, CARLOS S. M.D.


Documents:
    SUMMONS
    COMPLAINT
    ALTERNATIVE DISPUTE RESOLUTION (ADR) PACKAGE
    CIVIL CASE COVER SHEET
    CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
    NOTICE OF CASE ASSIGNMENT UNLIMITED CIVIL CASE
    STANDING ORDER RE: PERSONAL INJURY PROCEDURES, CENTRAL
    DISTRICT
    SECOND AMENDED STANDING ORDER RE: FINAL STATUS CONFERENCE,
    PERSONAL INJURY ("PI") COURTS (EFFECTIVE AUGUST 9, 2019)

EXH. 1

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

## NOTICE OF CASE ASSIGNMENT

### UNLIMITED CIVIL CASE

Your case is assigned for all purposes to the judicial officer indicated below.

Received for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

**10/04/2019**

Sherri R. Carter, Executive Officer / Clerk of Court

By:  Cristina Grijalva   Deputy

CASE NUMBER:
19STCV35494

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Jon R. Takasugi | 3 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 10/04/2019
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Cristina Grijalva                              , Deputy Clerk

LACIV 190 (Rev.6/18)
LASC Approved 05/06

NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE

21

EXH. 1

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

LACIV 190 (Rev 6/18)
LASC Approved 05/06

## NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE

EXH. 1

2018-SJ-007-00

**FILED**
Superior Court of California
County of Los Angeles

APR 16 2018

Sheri R. Earley, Executive Officer/Clerk
By_____ Deputy
Stephanie Chung

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE PERSONAL INJURY ) CASE NO.:
COURT ("PI COURT") PROCEDURES, )
CENTRAL DISTRICT ) STANDING ORDER RE: PERSONAL
(EFFECTIVE APRIL 16, 2018) ) INJURY PROCEDURES, CENTRAL
) DISTRICT
)
)

---

**DEPARTMENT:**     2     3     4     5     7

**FINAL STATUS CONFERENCE ("FSC"):**

• DATE: 3/9/2021 AT 10:00 A.M.

**TRIAL:**

• DATE: 4/2/2021 AT 8:30 A.M.

**OSC RE DISMISSAL (CODE CIV. PROC., § 583.210):**

• DATE: 9/30/2022 AT 8:30 A.M.

---

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules

of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los

Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES

THE AUGUST 10, 2017 SEVENTH AMENDED GENERAL ORDER AND, GENERALLY,

ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION

PERSONAL INJURY ACTIONS FILED IN THE CENTRAL DISTRICT.

Page 1 of 8

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1   I.   To ensure proper assignment to a PI Court, Plaintiff(s) must carefully fill out the Civil

2   Case Cover Sheet Addendum (form LACIV 109).  The Court defines "personal injury" as:

3        "an unlimited civil case described on the Civil Case Cover Sheet Addendum and

4        Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property

5        Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-

6        Uninsured    Motorist;    Product    Liability    (other    than    asbestos    or

7        toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other

8        Professional Health Care Malpractice; Premises Liability; Intentional Bodily

9        Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property

10       Damage/Wrongful Death. An action for intentional infliction of emotional

11       distress, defamation, civil rights/discrimination, or malpractice (other than

12       medical malpractice), is not included in this definition. An action for injury to

13       real property is not included in this definition."   (Local Rule 2.3(a)(1)(A).)

14       Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if

15  plaintiff(s) check any of the following boxes in the Civil Case Cover Sheet Addendum:

16            A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

17            A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured

18            Motorist

19            A7260 Product Liability (not asbestos or toxic/environmental)

20            A7210 Medical Malpractice – Physicians & Surgeons

21            A7240 Medical Malpractice – Other Professional Health Care Malpractice

22            A7250 Premises Liability (e.g., slip and fall)

23            A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g.,

24            assault, vandalism etc.)

25            A7220 Other Personal Injury/Property Damage/Wrongful Death

26       The Court will not assign cases to the PI Courts if plaintiff(s) check any boxes elsewhere

27  in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

28  ///

Page 2 of 8

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1     The Court sets the above dates in this action in the PI Court circled above (Department
2  2, 3, 4, 5, or 7) at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA 90012.
3  (C.R.C. Rules 3.714(b)(3), 3.729.)

4  **FILING OF DOCUMENTS**

5  2.      Parties may file documents in person at the filing window on the first floor of the Stanley
6  Mosk Courthouse (111 N. Hill Street, Los Angeles, CA 90012) or by U.S. Mail or e-Delivery,
7  which is available online at *www.lacourt.org* (link on homepage). Please note that filings are no
8  longer accepted via facsimile and must be filed either in person, via U.S. mail or via e-Delivery.
9  Claims involving an attorney-client fee dispute, documents in which the filing party is a minor,
10  legally incompetent person, or person for whom a conservator has been appointed, requests to
11  waive court fees (FW-001) and requests for accommodations by persons with disabilities (MC-
12  410), may not be filed via e-Delivery.

13  **SERVICE OF SUMMONS AND COMPLAINT**

14  3.      Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as
15  soon as possible but no later than three years from the date when the complaint is filed.
16  (C.C.P. § 583.210, subd.(a).)    On the OSC re Dismissal date noted above, the PI Court will
17  dismiss the action and/or all unserved parties unless the plaintiff(s) show cause why the action
18  or the unserved parties should not be dismissed. (C.C.P. §§ 583.250; 581, subd. (b)(4).)

19  4.      The Court sets the above trial and FSC dates on condition that plaintiff(s) effectuate
20  service on defendant(s) of the summons and complaint within six months of filing the complaint.

21  5.      The PI Court will dismiss the case without prejudice pursuant to C.C.P. § 581 when no
22  party appears for trial.

23  **STIPULATIONS TO CONTINUE TRIAL**

24  6.      Provided that all parties agree (and there is no violation of the "five-year rule," C.C.P.
25  § 583.310), the parties may advance or continue any trial date in the PI Courts without showing
26  good cause or articulating any reason or justification for the change.   To continue or advance a
27  trial date, the parties (or their counsel of record) should jointly execute and submit (at the filing
28  window on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery; fee

Page 3 of 8

Standing Order Re Personal Injury Procedures, Central District

EXH. 1

2018-SJ-007-00

1    required) a Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form

2    LACIV CTRL-242, available on the court's website, Personal Injury Court link). The PI Courts

3    schedule FSCs for 10:00 a.m., eight (8) court days before the trial date.  Parties seeking to

4    continue the trial and FSC dates shall file the Stipulation at least eight court days before the FSC

5    date.  Parties seeking to advance the trial and FSC dates shall file the Stipulation at least eight

6    court days before the proposed advanced FSC date. (C.C.P. § 595.2;  Govt. Code § 70617, subd.

7    (c)(2).)  In selecting a new trial date, parties should avoid setting on any Monday, or the Tuesday

8    following a court holiday.  Parties may submit a maximum of two stipulations to continue trial,

9    for a total continuance of six months. Subsequent requests to continue trial will be granted upon

10   a showing of good cause by noticed motion.  This rule is retroactive so that any previously

11   granted stipulation to continue trial will count toward the maximum number of allowed

12   continuances.

13   **NO CASE MANAGEMENT CONFERENCES**

14   7.       The PI Courts do not conduct Case Management Conferences.  The parties need not file

15   a Case Management Statement.

16   **LAW AND MOTION**

17   8.       Any documents with declarations and/or exhibits must be tabbed.   (C.R.C. Rule

18   3.1110(f).)  All depositions excerpts referenced in briefs must be marked on the transcripts

19   attached as exhibits.  (C.R.C. Rule 3.1116(c).)

20   **CHAMBERS COPIES REQUIRED**

21   9.       In addition to filing original motion papers at the filing window on the first floor of the

22   Stanley Mosk Courthouse, via U.S. mail or via e-Delivery, the parties must deliver, directly to

23   the PI Court courtrooms at the Spring Street Courthouse, an extra copy (marked "Chambers

24   Copy") of reply briefs and all other motion papers filed less than seven (7) court days before a

25   hearing calendared in the PI Courts. The PI Courts also strongly encourage the parties filing and

26   opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one

27   or more three-ring binders organizing the chambers copy behind tabs.

28   ///

Page 4 of 8

Standing Order Re Personal Injury Procedures, Central District

2019-SJ-007-00

## RESERVATION HEARING DATE

10.     Parties are directed to reserve hearing dates for motions in the PI Courts using the Court Reservation System (CRS) available online at www.lacourt.org (link on homepage).   After reserving a motion hearing date, the reservation requestor must submit the papers for filing with the reservation receipt (CRS) number printed on the face page of the document under the caption and attach the reservation receipt as the last page.  Parties or counsel who are unable to utilize the online CRS may reserve a motion hearing date by calling the PI Court courtroom, Monday through Friday, between 3:00 p.m. and 4:00 p.m.

## WITHDRAWAL OF MOTIONS

11.     California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the PI Courts urge parties who amend pleadings in response to demurrers to file amended pleadings before the date when opposition to the demurrer is due so that the PI Courts do not needlessly prepare tentative rulings on demurrers.

## DISCOVERY MOTIONS

12.     The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to resolve and/or narrow the scope of discovery disputes. Lead trial counsel on each side, or another attorney with full authority to make binding agreements, must attend in person.  The PI judges have found that, in nearly every case, the parties amicably resolve disputes with the assistance of the Court.

13.     Parties must participate in an IDC before a Motion to Compel Further Responses to Discovery will be heard unless the moving party submits evidence, by way of declaration, that the opposing party has failed or refused to participate in an IDC.  Scheduling or participating in an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for noticing and filing discovery motions.  Ideally, the parties should participate in an IDC before a motion is filed because the IDC may avoid the necessity of a motion or reduce its scope. Because of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for filing a motion to compel further discovery responses in order to allow time to participate in an

Page 5 of 8

Standing Order Re Personal Injury Procedures, Central District

EXH. 1

2018-SJ-007-00

1    IDC.

2        If parties do not stipulate to extend the deadlines, the moving party may file the motion
3    to avoid it being deemed untimely.   However, the IDC must take place before the motion is
4    heard so it is suggested that the moving party reserve a date for the motion hearing that is at least
5    60 days after the date when the IDC reservation is made.  Motions to Compel Further Discovery
6    Responses are heard at 10:00 a.m.  If the IDC is not productive, the moving party may advance
7    the hearing on a Motion to Compel Further Discovery Responses on any available hearing date
8    that complies with the notice requirements of the Code of Civil Procedure.

9    14.    Parties are directed to reserve IDC dates in the PI Courts using CRS available online at
10   www.lacourt.org (link on homepage).  Parties are to meet and confer regarding the available
11   dates in CRS prior to accessing the system.  After reserving the IDC date, the reservation
12   requestor must file in the appropriate department and serve an Informal Discovery Conference
13   Form for Personal Injury Courts, from LACIV 239 (revised 12/14 or later), at least 15 court days
14   prior to the conference and attach the CRS reservation receipt as the last page.  The opposing
15   party may file and serve a responsive IDC form, briefly setting forth that party's response, at
16   least 10 court days prior to the IDC.

17   15.    Time permitting, the PI Hub judges may be available to participate in IDCs to try to
18   resolve other types of discovery disputes.

19   **EX PARTE APPLICATIONS**

20   16.    Under the California Rules of Court, courts may only grant ex parte relief upon a
21   showing, by admissible evidence, that the moving party will suffer "irreparable harm,"
22   "immediate danger," or where the moving party identifies "a statutory basis for granting relief
23   ex parte." (C.R.C. Rule 3.1202(c).)  The PI Courts have no capacity to hear multiple ex parte
24   applications or to shorten time to add hearings to their fully booked motion calendars.  The PI
25   Courts do not regard the Court's unavailability for timely motion hearings as an "immediate
26   danger" or threat of "irreparable harm" justifying ex parte relief.  Instead of seeking ex parte
27   relief, the moving party should reserve the earliest available motion hearing date (even if it is
28   after the scheduled trial date) and should file a motion to continue trial. Parties should also check

Page 6 of 8

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1  the Court Reservation System from time to time because earlier hearing dates may become

2  available as cases settle or hearings are taken off calendar.

3  REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT

4  17.    Parties seeking to transfer a case from a PI Court to an Independent Calendar ("I/C")

5  Court shall file (at the filing window on the first floor of the Stanley Mosk Courthouse, via U.S.

6  mail or via e-Delivery) and serve the Court's "Motion to Transfer Complicated Personal Injury

7  Case to Independent Calendar Court" (form LACIV 238, available on the Court's website under

8  the PI Courts link).    The PI Courts will transfer a matter to an I/C Court if the case is not a

9  "Personal Injury" case as defined in this Order, or if it is "complicated." In determining whether

10  a personal injury case is "complicated" the PI Courts will consider, among other things, the

11  number of pretrial hearings or the complexity of issues presented.

12  18.    Parties opposing a motion to transfer have five court days to file (at the filing window

13  on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery) an Opposition

14  (using the same LACIV 238 Motion to Transfer form).

15  19.    The PI Courts will not conduct a hearing on any Motion to Transfer to I/C Court.

16  Although the parties may stipulate to transfer a case to an Independent Calendar Department, the

17  PI Courts will make an independent determination whether to transfer the case or not.

18  FINAL STATUS CONFERENCE

19  20.    Parties shall comply with the requirements of the PI Courts' "First Amended Standing

20  Order Re Final Status Conference," which shall be served with the summons and complaint.

21  JURY FEES

22  21.    Parties must pay jury fees no later than 365 calendar days after the filing of the initial

23  complaint. (C. C. P. § 631, subds. (b) and (e).)

24  JURY TRIALS

25  22.    The PI Courts do not conduct jury trials.  On the trial date, a PI Court will contact the

26  Master Calendar Court, Department One, in the Stanley Mosk Courthouse.  Department One

27  will assign cases out for trial to dedicated Civil Trial Courtrooms and designated Criminal

28  Courtrooms.

Page 7 of 8

Standing Order Re Personal Injury Procedures, Central District

EXH. 1

2018-SJ-007-00

1   SANCTIONS

2   23.   The Court has discretion to impose sanctions for any violation of this general order.

3   (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b).)

4

5

6   Dated: April 16, 2018

        Debra K. Weintraub
7       Supervising Judge of Civil Courts
8       Los Angeles Superior Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page 8 of 8

Standing Order Re Personal Injury Procedures, Central District

EXH. 1

From: Cesar Landeros    Fax: 18188995555    To:    Fax: (202) 619-2922    Page: 25 of 31    11/04/2019 12:16 PM

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILED**
Superior Court of California
County of Los Angeles

2019-SJ-011-00

AUG 09 2019

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Anoush Mehitarian

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO THE PERSONAL INJURY COURTS (DEPARTMENTS 2, 3, 4A, 4B AND 5 OF THE SPRING STREET COURTHOUSE) | ) ) ) ) ) ) |

SECOND AMENDED STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS (Effective August 9, 2019)

The dates for Trial and the Final Status Conference ("FSC") having been set in this matter, the COURT HEREBY AMENDS AND SUPERSEDES ITS April 16, 2018 STANDING ORDER—RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:

1.    PURPOSE OF THE FSC

The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict. The PI Courts will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions in limine, and the authentication and admissibility of exhibits.

///

///

From: Cesar Landeros     Fax: 18188995555        To:                    Fax: (202) 619-2922          Page: 26 of 31   11/04/2019 12:16 PM

2.     **TRIAL DOCUMENTS TO BE FILED**

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file the following Trial Readiness Documents:

A.     **TRIAL BRIEFS (OPTIONAL)**

Each party/counsel may, but is not required to, file a trial brief succinctly identifying:

(1) the claims and defenses subject to litigation;

(2) the major legal issues (with supporting points and authorities);

(3) the relief claimed and calculation of damages sought; and

(4) any other information that may assist the court at trial.

B.     **MOTIONS IN LIMINE**

Before filing motions in limine, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a). The caption of each motion in limine shall concisely identify the evidence that the moving party seeks to preclude. Parties filing more than one motion in limine shall number them consecutively. Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

C.     **JOINT STATEMENT TO BE READ TO THE JURY**

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury (Local Rule 3.25(g)(4)).

D.     **JOINT WITNESS LIST**

The parties/counsel shall work together to prepare and file a joint list of all witnesses that each party intends to call, excluding impeachment and rebuttal witnesses (Local Rule 3.25(g)(5)). The joint witness list shall identify each witness by name, specify which witnesses are experts, estimate the length of the direct, cross examination and re-direct examination (if any) of each, and include a total of the number of hours for all witness testimony. The parties/counsel shall identify all potential witness scheduling issues and special requirements. Any party/counsel who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause to the trial court.

E.    **LIST OF PROPOSED JURY INSTRUCTIONS**
      **(JOINT AND CONTESTED)**

The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, specifying the instructions upon which all sides agree and the contested instructions, if any. The List of Proposed Jury Instructions must include a space by each instruction for the judge to indicate whether the instruction was given.

F.    **JURY INSTRUCTIONS**
      **(JOINT AND CONTESTED)**

The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all proposed California Civil Jury Instructions and insert party name(s) and eliminate blanks, brackets, and irrelevant material. The parties/counsel shall prepare special instructions in a format ready for submission to the jury with the instruction number, title, and text only (i.e., there should be no boxes or other indication on the printed instruction itself as to the requesting party).

G.    **JOINT VERDICT FORM(S)**

The parties/counsel shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all sides (Local Rule 3.25(g)(8)). If the parties/counsel cannot agree on a joint verdict form, each party must separately file a proposed verdict form.

H.    **JOINT EXHIBIT LIST**

The parties/counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit. The parties/counsel shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

I.    **PAGE AND LINE DESIGNATION FOR**
      **DEPOSITION AND FORMER TESTIMONY**

If the parties/counsel intend to use deposition testimony or former trial testimony in lieu of any witness's live testimony, the parties/counsel shall meet and confer and jointly prepare and file a chart with columns for each of the following:  1) the page and line designations of the

SECOND AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective August 9, 2019)

EXH. 1

From: Cesar Landeros       Fax: 18188995555       To:       Fax: (202) 619-2922       Page: 28 of 31   11/04/2019 12:16 PM

1   deposition or former testimony requested for use, 2) objections, 3) counter-designations, 4) any

2   responses thereto, and 5) the Court's ruling.

3   **3.      EVIDENTIARY EXHIBITS**

4       The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at

5   the FSC) three sets of tabbed, internally paginated by document, and properly-marked exhibits,

6   organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the

7   witnesses). The parties/counsel shall mark all non-documentary exhibits and insert a simple written

8   description of the exhibit behind the corresponding numerical tab in the exhibit binder. If the parties

9   have a joint signed exhibit list and electronic copies of their respective exhibits, then the

10  parties/counsel will not be required to produce exhibit binders at the FSC. However, the exhibit

11  binders will be required by the assigned trial judge when the trial commences. In the absence of

12  either a joint signed exhibit list or electronic copies, exhibit binders will be required to be produced

13  by all parties/counsel at the FSC.

14  **4.      TRIAL BINDERS REQUIRED IN THE PI COURTS**

15      The parties/counsel shall jointly prepare (and be ready to temporarily lodge and include the

16  following for inspection at the FSC) the Trial Documents consisting of conformed copies (if

17  available), tabbed and organized into three-ring binders with a table of contents that includes the

18  following:

19        Tab A:     Trial Briefs (Optional)

20        Tab B:     Motions in Limine

21        Tab C:     Joint Statement to Be Read to the Jury

22        Tab D:     Joint Witness List

23        Tab E:     Joint List of Jury Instructions (identifying the agreed upon and contested

24                     instructions)

25        Tab F:     Joint and Contested Jury Instructions

26        Tab G:    Joint and/or Contested Verdict Form(s)

27        Tab H:    Joint Exhibit List

28

SECOND AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective August 9, 2019)

EXH. 1

1      Tab I:      Joint Chart of Page and Line Designation(s) for Deposition and

2                 Former Testimony

3      Tab J:      Copies of the Current Operative Pleadings (including the operative complaint,

4                 answer, cross-complaint, if any, and answer to any cross-complaint).

5      The parties/counsel shall organize motions in limine (tabbed in numerical order) behind Tab

6      B with the opposition papers and reply papers for each motion placed directly behind the moving

7      papers. The parties shall organize proposed jury instructions behind Tab F, with the agreed upon

8      instructions first in order followed by the contested instructions (including special instructions)

9      submitted by each side.

10    **5.**     **FAILURE TO COMPLY WITH FSC OBLIGATIONS**

11      The court has discretion to require any party/counsel who fails or refuses to comply with this

12    Amended Standing Order to Show Cause why the Court should not impose monetary, evidentiary

13    and/or issue sanctions (including the entry of a default or the striking of an answer).

14

15

16    Dated: August 9, 2019

17                             Samantha P. Jessner

18                             Supervising Judge, Civil

                                Los Angeles Superior Court

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective August 9, 2019)

              EXH. 1



## Superior Court of California, County of Los Angeles

### ALTERNATIVE DISPUTE RESOLUTION (ADR)
### INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS must serve this ADR Information Package on any new parties named to the action with the cross-complaint.**

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

### Advantages of ADR
- Saves Time: ADR is faster than going to trial.
- Saves Money: Parties can save on court costs, attorney's fees and witness fees.
- Keeps Control with the parties: Parties choose their ADR process and provider for voluntary ADR.
- Reduces stress/protects privacy: ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- Costs: If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- No Public Trial: ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   Mediation may be appropriate when the parties
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   Mediation may not be appropriate when the parties
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to arrange mediation in Los Angeles County**
Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   Parties may contact these organizations to request a "Resource List Mediation" for reduced-cost or free (for selected cases) mediation in person or with ODR (by phone or online).

   • JAMS, Inc.: Case Manager (213) 253-9776 mdawson@jamsadr.com
   • Mediation Center of Los Angeles: Case Manager: (833) 476-9145 info@mediationLA.org

   These organizations cannot accept every case and they may decline cases at their discretion.
   Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
   NOTE: This service is not available for family law, probate or small claims.

b. **Los Angeles County Dispute Resolution Programs**
   https://wdacs.lacounty.gov/programs/drp/

   • Free, day-of-trial mediations at the courthouse for small claims, unlawful detainers (evictions) and, at the Stanley Mosk Courthouse, limited civil. No appointment needed.
   • Free or low-cost mediations before the day of trial for these and other case types.
   • For ODR by phone or computer for small claims or unlawful detainer (eviction) cases before the day of trial, visit
     http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations that provide mediation may be found on the internet.**

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit: www.lacourt.org/division/civil/settlement

Los Angeles Superior Court ADR website: www.lacourt.org/division/civil/settlement
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 NEW 03/19
For Mandatory Use
California Rules of Court, rule 3.221

LASC2

37                                                                                                   EXH. 1

Electronically FILED by Superior Court of California, County of Los Angeles on 11/13/2019 04:26 PM Sherri R. Carter, Executive Officer/Clerk of Court, by L. Coreas,Deputy Clerk

1  NICOLA T. HANNA
   United States Attorney
2  DAVID M. HARRIS
   Assistant United States Attorney
3  Chief, Civil Division
   JOANNE S. OSINOFF
4  Assistant United States Attorney
   Chief, General Civil Section
5  GWENDOLYN M. GAMBLE (Cal. Bar No. 143267)
   Assistant United States Attorney
6        Federal Building, Suite 7516
         300 North Los Angeles Street
7        Los Angeles, California 90012
         Telephone: (213) 894-6684
8        Facsimile: (213) 894-7819
         E-mail: gwen.gamble@usdoj.gov
9
   Attorneys for UNITED STATES OF AMERICA
10

11         SUPERIOR COURT OF THE STATE OF CALIFORNIA

12              COUNTY OF LOS ANGELES

13

14  CLAUDIA BECHARA ROBINSON,          | Case No.: 19STCV35494

15          Plaintiff,                 | **NOTICE TO STATE COURT
                                        | PURSUANT TO 42 U.S.C. § 233(*l*)(1)**
16          v.

17  CARLOS S. RODRIGUEZ, M.D. and
    DOES 1 TO 20, inclusive,
18

19          Defendants.

20                                       Dept. 3
                                         Honorable Jon R. Takasugi
21

22

23

24

25

26

27

28

EXH. 1

## NOTICE TO STATE COURT PURSUANT TO 42 U.S.C. § 233(*l*)(1)

**PLEASE TAKE NOTICE** that pursuant to 42 U.S.C. § 233(*l*)(1), the United States Attorney for the Central District of California makes a limited appearance to advise this Court that whether defendant Carlos S. Rodriguez, M.D. is deemed to be an employee of the Public Health Service for purposes of 42 U.S.C. § 233 with respect to the actions or omissions that are the subject of the above captioned action, is under consideration.

Dated: November 13, 2019

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

GWENDOLYN M. GAMBLE
Assistant United States Attorney

Attorneys for UNITED STATES OF
AMERICA

**CERTIFICATE OF SERVICE**

I, Carolina Usi, certify and declare as follows:

1.    I am over the age of 18 years and not a party to this action.  I am employed by the Office of the United States Attorney, Central District of California.  My business address is 300 North Los Angeles Street, Suite 7516, Los Angeles, California, 90012. I am familiar with the office practice of collecting and processing documents for mailing with the United States Postal Service.

2.    On November 13, 2019, I served a copy of the foregoing document described as **NOTICE TO STATE COURT PURSUANT TO 42 U.S.C. § 233(*l*)(1)** on each person or entity named below by enclosing a copy in an envelope addressed as shown below and placing the envelope for collection and mailing on the date and the place shown below following our ordinary office practice.

3.    Date of mailing: November 13, 2019.  Place of mailing: Los Angeles, California.  Persons or entities to whom mailed:

**Claudia Bechara Robinson, Pro Per**
5050 Sepulveda Blvd., Apt. 316
Sherman Oaks, CA  91403

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 13, 2019 in Los Angeles, California.

_____
Carolina Usi

40                                                        EXH. 1